UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JAMOR J. DEMBY,                     :
                                    :
    Petitioner,                     :   Civ. No. 21-1567 (NLH)
                                    :
  v.                                :   OPINION
                                    :
                                    :
                                    :
JAMES RUSSO,                        :
                                    :
    Respondent.                     :
_____ :

APPEARANCE:

Jamor J. Demby
552013/982910b
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065

    Petitioner Pro se

HILLMAN, District Judge

    Petitioner Jamor J. Demby has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  See ECF No. 1.

Filing Fee

    The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas corpus and seeks to proceed in forma pauperis, that petitioner must submit (a) an

affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis.  L. Civ. R. 81.2(c).

Here, Petitioner has failed to either include the $5 filing fee or an application to proceed in forma pauperis.  Petitioner must either submit the $5 filing fee or a complete application to proceed in forma pauperis for his habeas petition to be considered.

Form

Under Local Civil Rule 81.2, "[u]nless prepared by counsel, petitions to this Court for a writ of habeas corpus . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk."  Local Civ. R. 81.2(a).  Petitioner did not submit his petition on the required Clerk's form.

Conclusion

For the reason set forth above, the Clerk of Court will be ordered to administratively terminate this Petition without prejudice.[1]  Petitioner will be granted leave to apply to re-open within thirty (30) days, by paying the filing fee of $5.00 or submitted a complete in forma pauperis application.  The Clerk shall be instructed to provide a blank § 2254 form, which Petitioner must complete and return in order for the Court to consider his petition.

An appropriate Order will be entered.


Dated: February 5, 2021                s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).